**COURT OF COMMON PLEAS**
**WARREN COUNTY, OHIO**

COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED
2021 SEP 29 PM 2:55
JAMES L. SPAETH
CLERK OF COURTS

**Case No.** 21CV94578
**Judge** Tepe

**DARIAN YOUNG**
**3501 N GLENWOOD AVENUE**
**MUNCIE, IN 47304**

**PLAINTIFF**

**V.**

**CEDAR FAIR, LP**
**ONE CEDAR POINT DRIVE**
**SANDUSKY, OH 44870**

**DEFENDANTS**

**Agent for Service: Richard Kinzel**
**One Causeway Drive**
**Sandusky, OH 44870**

**AND**

**INDIANA FAMILY AND**
**SOCIAL SERVICES ADMINISTRATION**
402 W. Washington Street
P.O. Box 7083
Indianapolis, IN 46207-7083

**COMPLAINT**

**FIRST CAUSE OF ACTION**

Now come the Plaintiff, Darian Young for her First Cause of Action, state as follows:

1. That Plaintiff, Darian Young, at all times mentioned herein, is and was a citizen and resident of Muncie, Indiana.

2. That the Defendant, Cedar Fair, LP, hereinafter referred to as "Cedar" is a limited partnership in the state of Ohio, with its principal place of business in Sandusky Ohio and doing business as an amusement park known as "Kings Island" in Warren County, Ohio with all actions and omissions giving rise to this event occurring in Warren County, Ohio.

3. That on or about October 13, 2019, Plaintiff, Darian Young, was an invitee at the amusement park known as Kings Island located in Mason, Ohio.

4. That at the time and place aforementioned, the Plaintiff, Darian Young, as invitee, selected the amusement ride, "Adventure Express", hereinafter referred to as the "Ride", a wooden roller coaster.

5. That at the time and place aforementioned, the Plaintiff, Darian Young, during the course and scope of the ride was severely slammed around and thrown around causing severe and debilitating injuries as set forth herein.

6. Defendant Cedar, negligently and carelessly operated and maintained the aforementioned ride in such a manner as to cause the Plaintiff, Darian Young, as well as other invitees, injuries, and to directly and proximately cause the injuries as described hereinafter to the Plaintiff, Darian Young.

7. Defendant Cedar knew or should have known that others, such as Plaintiff, Darian Young, could foreseeably sustain injuries as a result of Defendants' failure to exercise reasonable

and ordinary care.

8. Defendant Cedar failed to exercise reasonable and ordinary care in the following respects, inter alia:

(a) In failing to warn the invite of the violent and rough nature of the ride and that the ride could cause debilitating injuries, including but not limited to vertebral dissections;

(b) In failing to use reasonable and ordinary care and safety in the operation of the ride;

(c) In failing to maintain the ride in a safe condition for the safety and comfort of its invitees, such as the Plaintiff, Darian Young; and,

(d) In failing to inspect the ride to discover any and all safety issues and defects that would affect the safety and care of its invitees.

(e) In failing to maintain the ride in a safe condition as required by Department of Agriculture and OSHA;

9. That as a direct and proximate result of the negligence and carelessness of the Defendant Cedar, as hereinbefore and hereinafter mentioned, the Plaintiff, Darian Young, was caused to suffer great physical pain and injury including, but not limited to, a cervical dissection creating a stroke resulting in severe mental and physical suffering, permanent disability, and she has every reason to believe that these injuries and damages will continue into the future.

10. That as a direct and proximate result of the negligence and carelessness of Defendant Cedar, Plaintiff, Darian Young, have furthermore been caused to incur medical expenses and medication expenses and loss of earnings and earning capacity to date and excess of the jurisdictional limit and they have every reason to believe that these losses and damages will

continue into the future, all as a direct and proximate cause of Defendant Cedar's negligence.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE PER SE**

11. Plaintiff reaffirm and reallege each and every allegation contained in paragraphs 1 through 11 herein, as if fully rewritten, and for their second cause of action state as follows:

12. Defendant Cedar, at the time and place aforementioned, were negligent per se by failing to comply with Ohio Revised Code 1711.55 in the operation, maintenance and inspection of the aforementioned ride, in that the Defendants were operating the ride in a defective and an unsafe condition so as to endanger persons, such as the Plaintiff, Darian Young.

13. That as a direct and proximate result of the negligence per se of the Defendant Cedar, as hereinbefore and hereinafter mentioned, the Plaintiff, Darian Young, was caused to suffer great physical pain and injury as described herein and she has every reason to believe that these injuries and damages will continue into the future.

14. That as a direct and proximate result of the negligence per se of the Defendant Cedar, as hereinbefore and hereinafter mentioned, Plaintiff have furthermore been caused to incur medical expenses and medication expenses and loss of earnings and earning capacity, and she has every reason to believe that these losses and damages will continue into the future, all as a direct and proximate cause of Defendant Cedar's negligence.

**THIRD CAUSE OF ACTION**
**PUNITIVE DAMAGES**

15. Plaintiff reaffirm and reallege each and every allegation contained in paragraphs 1 through 15 herein, as if fully rewritten, and for her third cause of action state as follows:

16. Defendant Cedar, acted with conscious disregard for the rights and safety of Plaintiff by failing to exercise any care in the inspection, maintenance and condition of the aforementioned ride and by failing to warn invitees of the inherent violence of the ride.

17. Defendant Cedar, consciously disregarded the safety of the Plaintiff and subjected Plaintiff to unnecessary and serious harm and injury as more fully hereinbefore described.

18. The willful, wanton, and malicious conduct of Defendant Cedar, entitles Plaintiff to recover punitive damages and attorney's fee against Defendant Cedar.

**COUNT VI**
**THIRD PARTY INTEREST**

19 Plaintiff incorporates by reference all of the allegations contained in the above paragraphs as if fully restated.

20. Plaintiff has made a claim for injuries regarding the event as a result of the treatment and care provided by the above Defendant. During the course and treatment and subsequent treatment of Darian Young's injuries, Plaintiff had health insurance which paid for all or a portion of her medical bills, past and currently, at all times relevant hereto with MHS Hip Plus, a division or associated with Medicaid.

21. On information and belief that Plaintiff received these benefits by and through Department of Medicaid as a result of the injuries received as claimed in this action, these Third-Party Defendants may have an interest and subrogated amount in the case and must assert any or all subrogated interest herein or forever be barred.

WHEREFORE, Plaintiff demand judgment for compensatory damages, jointly and severally, against the Defendant Cedar and a subrogated amount against Medicaid in an amount in excess of $25,000 dollars and all other relief to which they may be entitled including, but not

limited to, costs and attorney fees.

WHEREFORE, Plaintiff demand judgment for punitive damages against Defendant Cedar in an amount in excess of $25,000 dollars and all other relief to which they may be entitled including, but not limited to, costs and attorney fees.

Respectfully submitted,

***/s/Colleen M Hegge***
*Colleen Hegge, Esq. (Ky 82403/OH 38506)*
*Law Office of Colleen Hegge*
*11581 Big Bone Road*
*Union, KY 41091*
*859.750.7507*
*chegge@fuse.net*

Timothy Rowe
Rowe and Hamilton
101 W. Ohio Street, Suite 1701
Indianapolis, IN 46204
317-632-2524, fax 317-631-5905
roweandhamilton.com
Pro Hac Vice Pending

**INSTRUCTIONS FOR SERVICE**

The Clerk of Court is hereby summoned to serve the above Complaint to all Defendant listed in the above-captioned litigation by certified mail, return receipt requested.

*/s/Colleen M Hegge*

CERTIFIED COPY
JAMES L. SPAETH, CLERK
WARREN COUNTY, OHIO
COMMON PLEAS COURT
BY ______
DEPUTY